Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0145 | **DATE** | March 10, 2011 |
| **CASE TITLE** | Antonio Smith (#2008-0062205) v. John Doe, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $7.80 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. The case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

■ **[For further details see text below.]**                                                       **Docketing to mail notices.**

## STATEMENT

Plaintiff has filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, alleging violations of his rights. More specifically, Plaintiff alleges he is being maliciously prosecuted and not allowed to represent himself in his ongoing underlying state court criminal proceedings. He is suing a John Doe Defendant and Anita Alvarez, the State's Attorney for Cook County.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $7.80. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a suit brought by a prisoner at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.
**(CONTINUED)**

AWL

| STATEMENT |
|---|

Plaintiff's claim appears to be one for malicious prosecution. Malicious prosecution is not actionable in federal court. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). While Plaintiff may not pursue his claim for malicious prosecution in federal court, he may, should he choose (and there is no other matter barring it) bring his malicious prosecution claim in state court. *Id.*

Additionally, Plaintiff's state criminal proceedings appear from his complaint to be still ongoing. The alleged "unconstitutional conduct" may continue to be litigated in state court and may be further litigated either on his direct appeal or in other collateral state proceedings. A federal court may not interfere with state criminal proceedings, and abstention is appropriate when a plaintiff invokes federal jurisdiction for the purpose of restraining or otherwise interfering with state criminal proceedings. *See Younger v. Harris*, 401 U.S. at 53; *Douglas v City of Jeannette*, 319 U.S. 157 (1943); *Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995). Even if his state court criminal proceedings were complete, any relief to which Plaintiff might be entitled would be through a petition for a writ of habeas corpus, and not a § 1983 action. (assuming he can meet the requirements of 28 U.S.C. § 2254). *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Whitlock v. Johnson*, 153 F3d 380, 389 (7th Cir. 1998). The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497,500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* In short, once Plaintiff's state court criminal proceedings have been completed, and he has exhausted his direct appeals and collateral proceedings, he still would not be entitled to relief under § 1983, he would need to seek relief pursuant to 28 U.S.C. § 2254.

Further, "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). If the Anita Alvarez were intentionally engaging in wrongdoing in their prosecution of Plaintiff, then she would be subject to criminal sanctions as well as professional discipline; however, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976); *see also, Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Accordingly, Anita Alvarez is dismissed.

Plaintiff's John Doe Defendant is not adequately described, nor are any allegations made against him, sufficient to put anyone on notice of what he is alleged to have done. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of FED. R. CIV. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Plaintiff makes no specific claim against the John Doe Defendant who he describes as an employee of the Circuit Court of Cook County. Accordingly, even if the John Doe were named, he would be dismissed as a Defendant.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that he has accumulated three strikes (because he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure
**(CONTINUED)**

## STATEMENT

to state a claim), therefore, moving forward, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non- meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).